IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES T. AIKEN, et al., | No. C 12-05208 RS |
| Plaintiffs, | **ORDER GRANTING MOTION TO STAY** |
| v. | |
| BRISTOL-MYERS SQUIBB COMPANY, MCKESSON CORPORATION, and DOES 1-100, | |
| Defendants | |
| v. | |
| JONATHAN KESSLER et al., _____/ | |

Defendants move to stay proceedings pending transfer to the Plavix MDL or, in the alternative, pending a decision by Judge Chen to relate this action to the other Plavix actions in this District. Plaintiffs oppose any stay of this matter, arguing it will inconvenience plaintiffs and impede the efficient administration of justice. Further, they assert the MDL Court, in its initial order denying transfer of the action, indicated it wants this Court to rule on the pending motion to remand before the panel considers any further transfer motion.

On February 12, 2013, the MDL Court issued an order denying transfer of those matters on Schedule B, as they present the "unusual dilemma" of having been removed on multiple grounds, "including that they are 'mass actions' under the Class Action Fairness Act (CAFA)." Opening B.

Ex. B and Opposition B. Ex. 3.  Following this Order, defendants moved to withdraw CAFA as a grounds for removal.  Subsequently, on February 20, 2013, the MDL panel issued an order conditionally granting transfer for those matters that had earlier been denied transfer.  Opening B. Ex. C.

Courts in this and other jurisdictions regularly stay actions pending transfer to an MDL, including actions with motions to remand pending.  *See, e.g., Scroggins v. Hoffman-La Roche, Inc.*, No. C 12-2615 SI, 2012 WL 29006574 (N.D. Cal. July 16, 2012) (staying litigation pending transfer to Accutane MDL in the "interest of judicial economy and consistency" while a motion to remand was pending); *In re Vioxx Prods. Liab. Litig.*, 360 F.Supp.2d 1352, 1354 (J.P.M.L. 2005) ("The pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings."); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F.Supp.2d 1346, 1347 (J.P.M.L. 2001) (ordering transfer over plaintiff's objection as "remand motions can be presented to and decided by the transferee judge.").

A stay in this case will promote uniform decisions on important, recurring issues.  *See Kinney v. Bristol-Myers Squibb Co.*, No 12-4477 EMC (N.D. Cal. Dec. 3, 2012); *Belinda v. Bristol-Myers Squibb Co.*, No. 12-5941 YGR (N.D. Cal. Jan 22, 2013).  A stay will not prejudice plaintiffs, as they can reassert their motion to remand with the MDL Court, should it be transferred.  Further, the MDL Court made clear its concern with transfer was not the pending motions to remand themselves, but the role that CAFA played in removal of this action from state court.  As CAFA has been revoked as a grounds for removal, this concern is no longer at issue.  Accordingly, this matter shall be stayed pending a decision by the MDL Court to transfer this case.  The clerk is instructed to vacate all currently calendared dates.

IT IS SO ORDERED.

Dated:  3/14/13

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

NO. CV 12-05208 RS
ORDER GRANTING MOTION TO STAY

2